FOR THE DISTRICT OF OREGON

NEIL T. KVOKOV,                                                                6:13-cv-1476-TC

                     Plaintiff,

                                                            FINDINGS & RECOMMENDATION

     v.

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.

COFFIN, Magistrate Judge:

      Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income benefits.

      Plaintiff asserts disability beginning December 31, 2007, due to bipolar disorder. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled. Plaintiff contends the ALJ erred in discrediting plaintiff and lay witnesses.

      In addition to his bipolar disorder, plaintiff abuses alcohol. Plaintiff asserts that in the last 15 years he has had numerous jobs with shorter and shorter durations because of his condition and the side-effects of the medications he takes to treat it. Tr. 230. During manic episodes, plaintiff

Page 1 - FINDINGS & RECOMMENDATION

states that he would take on too many projects and not finish them. Tr. 52. During depressive episodes he lacks motivation and can't "hardly come to work." Tr. 60, 52. Plaintiff further testified that the side-effects from his medications caused diarrhea, which caused him to be late for work, and to be too tired to work. Tr. 67-68, 230. Plaintiff also testified that he does not think his abuse of alcohol contributes to his mental problems. Tr. 61.

The ALJ found plaintiff to lack credibility in part because of plaintiff's work for Tree Top beginning in December of 2010, where he received good reviews and was nominated for an excellence award. Plaintiff quit in July of 2011 despite his supervisor's attempts to dissuade that decision. Tr. 27, 50-54. The ALJ noted that the nomination and attempts to keep him from quitting suggest that he was in fact able to produce acceptable work despite his reported inability to work due to his condition and the side-effects from medications. Plaintiff offers a plausible interpretation of this time period of work, after his alleged on-set date, suggesting that plaintiff's condition is actually what caused him to quit despite acceptable work, but that does not make the ALJ's interpretation unreasonable or irrational. See Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (Although the evidence of plaintiff's activities may also admit of an interpretation more favorable to plaintiff, the ALJ's interpretation must be upheld if rational). Plaintiff's award winning work, well after his alleged on-set date, provides sufficient clear and convincing reasoning to reject plaintiff's alleged inability to work. See Drouin v. Sullivan, 966 F.2d 1255, 1258 (9th Cir. 1992) ( ability to hold jobs with a fair amount of success during period of alleged disability provides convincing evidence of a lack of disability contrary to plaintiff's assertions).

The ALJ also noted plaintiff's inconsistent statements regarding alcohol abuse as demonstrative of a lack of credibility. Tr. 27. The ALJ noted that plaintiff testified that alcohol

abuse does not contribute to his mental health problems (Tr. 61), but that he also reported to his medical providers that he recognized that binge drinking contributes to his depressed mood and impairs his functioning significantly. Tr. 615. Again, plaintiff offers a plausible explanation to show consistency between the two statements arguing that at the hearing the questioning involved drinking in general and not "binge drinking." Nonetheless, the ALJ's interpretation is rational especially in light of the fact that plaintiff further testified that he tries to stamp out his manic episodes with alcohol and that he has up to five beers when manic (Tr. 61), and that when he is off his medication he would start drinking more. Tr. 65. Plaintiff also contends he is not qualified to offer an opinion as to how drinking affects mental illness, but the ALJ merely noted that plaintiff's subjective assessment of the effects of alcohol were inconsistent. An ALJ may exclude plaintiff's subjective complaints in his residual functional assessment if he makes specific findings that claimant is not credible. Copeland v. Bowen, 861 F.2d 536, 540–41 (9th Cir. 1988). Inconsistencies in testimony provide specific evidence of a lack of credibility. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) (ALJ may use ordinary techniques of credibility evaluation, such as inconsistent statements in testimony to provide specific convincing reasons for rejecting subjective statements). The ALJ did not err in finding plaintiff to lack credibility and rejecting his subjective complaints to the extent they suggested an inability to work.

Plaintiff also contends that the ALJ erred discrediting the testimony or statements of plaintiff's wife, Luba Havlok, plaintiff's ex-wife Leanne Kvokov, and his ex-girlfriend, Laura O'Neill.

Luba Havlok testified she did not believe plaintiff could work right now because his medications prevent him from focusing. Tr. 87. The ALJ found Havlok's testimony undermined by

Page 3 - FINDINGS & RECOMMENDATION

inconsistent statements regarding plaintiff's alcohol use. Tr. 27-28. The ALJ noted that Havlok gave testimony under the ALJ's questioning that plaintiff drinks two or three beers a day, but that he drinks more than that when he is going through a manic or depressive episode. Tr. 77. However, when plaintiff's counsel questioned her, she stated that plaintiff's drinking did not have an effect on his ability to stay focused or his depression and that "he usually drinks about two ... whether it's mania or depression, he never had more than usual." Tr. 84. The ALJ appropriately relied on such inconsistency as a reason germane to Havlok's testimony for finding it to lack credibility.

Leanne Kvokov provided a function report (Tr. 241-49) in which she noted plaintiff's condition has worsened and he does not function well anymore. Tr. 242. The ALJ noted that the report itself does not support a conclusion that plaintiff is disabled. The ALJ further noted that Kvokov omitted plaintiff's alcohol abuse and the role it plays in his problems which he determined undermined her credibility. Plaintiff takes issue with the ALJ's reliance on the failure to mention plaintiff's alcohol abuse because the form did not specifically ask any questions about alcohol. However, plaintiff noted that he resorts to alcohol during manic episodes, Havlok noted that plaintiff's drinking is a problem at social events (Tr. 77-78), and the form did seek information on plaintiff's social activities and for changes in activities due to his illness. Tr. 245. Moreover, the form did seek additional information that was not provided in the more specific parts of the form which Kvokov filled in with information on triggers for mania and depression but failed to mention alcohol. Tr. 248. The ALJ rationally relied on the failure to mention plaintiff's alcohol abuse in finding Kvokov's credibility undermined.

Laura O'Neill also provided a function report in which she stated that plaintiff has difficulties socially and plaintiff concedes the ALJ properly discounted such statement, yet still argues that ALJ

failed to give reasons germane to her testimony for discrediting it. The ALJ used appropriate indicia of a lack of credibility in disregarding the full extent of O'Neill's reported limitations regarding plaintiff's abilities.

Moreover, as noted above, the ALJ properly discredited plaintiff. To the extent the lay witnesses provided similar testimony regarding plaintiff's limitations, the ALJ may discredit those witnesses. See, e.g., Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009) (appropriate to reject witness testimony that is similar to plaintiff's testimony where plaintiff's testimony lacks credibility).

Finally, plaintiff takes issue with the ALJ's reliance on Dr. Robert Kruger's mental status assessment in forming plaintiff's residual functional capacity. Specifically, plaintiff argues that because the exam took place on a day when plaintiff was not manic or depressed, Dr. Kruger's assessment that plaintiff can sustain brief, basic, routine, repetitive tasks is not supported. However, Dr. Kruger also reviewed a prior neuropsychological screening exam and obtained background information from plaintiff in making his assessment. Accordingly, Dr. Kruger's report provides substantial evidence upon which the ALJ may rely and he was not required to disregard it.

## CONCLUSION

For the reasons stated above, the decision of the Commissioner should be affirmed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation

Page 5 - FINDINGS & RECOMMENDATION

within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 25 day of July 2014.

THOMAS M. COFFIN
United States Magistrate Judge